IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TONYA LOCKHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 09-2562-STA-tmp |
| | ) |
| HOLIDAY INN EXPRESS | ) |
| SOUTHWIND, YOGESH PUROHIT | ) |
| d/b/a HOLIDAY INN EXPRESS | ) |
| SOUTHWIND, DR. JAMES NEELEM | ) |
| d/b/a HOLIDAY INN EXPRESS | ) |
| SOUTHWIND, JAIN NEELEM d/b/a | ) |
| HOLIDAY INN EXPRESS | ) |
| SOUTHWIND, and MNY | ) |
| PARTNERSHIP, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Yogesh Purohit's ("Defendant") Motion to Dismiss (D.E. # 33), filed on April 25, 2012. Plaintiff has not responded to Defendant's Motion. For the following reasons, Defendant's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff began this case by filing a Pro Se Complaint on August 28, 2009, alleging race and sex discrimination in violation of Title VII of the 1964 Civil Rights Act ("Title VII"). (D.E. # 1.) She included an EEOC Charge listing Holiday Inn Express Hotel ("Holiday Inn") as her employer. (D.E. # 1, at 6.) On April 15, 2010, the Court ordered Plaintiff to identify the individual owners of the Holiday Inn, and Plaintiff subsequently identified Defendant, among

1

other individuals, on June 9, 2011.  (D.E. # 7, at 6-7; D.E. # 8, at 1.)  After Defendant was served, he filed a Pro Se Answer on July 29, 2011.  (D.E. # 16.)  Plaintiff retained counsel on November 4, 2011, and Defendant retained counsel on January 18, 2012.  (D.E. # 22, 29.)  However, Plaintiff did not file a Motion to Amend her Pro Se Complaint until March 7, 2012 (D.E. # 30), which this Court granted on March 14, 2012.  (D.E. # 31.)  Plaintiff filed her Amended Complaint over one month later, on April 17, 2012 (D.E. # 32), and Defendant filed this Motion to Dismiss eight days after.  (D.E. # 33.)

The current dispositive motion deadline is November 14, 2012.  (D.E. # 28.)  Additionally, the Court issued an Order to Show Cause on May 29, 2012 as to why the Court should not dismiss the case for failure to prosecute.  (D.E. # 34.)  Plaintiff responded on June 12, 2012, by filing a Motion for Entry of Default as to the defendants which have not entered an appearance and a Response to the Order to Show Cause.  (D.E. # 35-36.)  Plaintiff's counsel indicated that he had been investigating the claims in this case and "determining whether service . . . of process is proper on the defaulted defendants" and attempting to resolve the case.  (Pl.'s Resp., D.E. # 36, at 1.)  Moreover, Plaintiff's counsel stated that he had been discussing "possible resolution of this matter with Jim Holt, counsel for [Defendant], prior to the filing of his Motion to Dismiss."  (*Id.* at 2.)  However, Plaintiff's counsel has not filed a Response to Defendant's Motion to Dismiss, nor did he explain why he had not yet filed a Response.

The following facts are taken as true for purposes of this Motion.  The Court will rely on Plaintiff's Amended Complaint, as it wholly superseded her Pro Se Complaint.  Plaintiff worked at the Holiday Inn as a driver and houseman from February of 2007 until July of 2008.  (Am. Compl. ¶ 10.)  She was both the only female and only African American houseman employed by

Holiday Inn. (*Id.* ¶ 12-13.) Holiday Inn also employed two Caucasian male housemen. (*Id.* ¶ 12.) Before Plaintiff's termination, Holiday Inn's management told her that the hotel would experience layoffs in the future, and she was likely to be one of the individuals laid off from her position. (*Id.* ¶ 14.) Plaintiff then spoke to the Holiday Inn's general manager, Mary Zuendel ("Zuendel"), and told her that she would have to file for unemployment benefits if she was laid off. (*Id.* ¶ 15.)

Holiday Inn's employment handbook prohibits employees from being on the clock during their breaks. (*Id.* ¶ 16.) Zuendel was aware of and allowed employees to break this rule. (*Id.* ¶ 17.) On about June 30, 2008, Plaintiff told Zuendel that, during her previously worked shift, she went on break with the two other housemen, thereby leaving no one at the front desk to greet customers or watch the cash register. (*Id.* ¶ 18.) Zuendel advised that she would have a meeting with Holiday Inn's management to discuss the issue. (*Id.* ¶ 19.) Plaintiff went to work for three more days after her conversation with Zuendel. (*Id.* ¶ 20.)

On about July 1, 2008, Plaintiff arrived at work and learned that she was being fired for being on break while on the clock on about June 30, 2008. (*Id.* ¶ 21.) However, the other two housemen were not reprimanded in any way for being on break while on the clock. (*Id.* ¶ 22.) During her time at the Holiday Inn, Plaintiff avers that "Defendants showed favoritism to Caucasian and male employees by giving [them] better work hours and pay" and "by subjecting them to less discipline for the same actions performed by Plaintiff." (*Id.* ¶ 24-25.)

Plaintiff's Amended Complaint brings two claims: race and sex discrimination under Title VII. (*Id.* at 4-6.) However, she also includes two references to the Tennessee Human Rights Act ("THRA"), one defining the Holiday Inn as an employer within the THRA and one

bringing suit for race discrimination under the THRA and Title VII. Plaintiff did not include any reference to the THRA in her sex discrimination count. Therefore, the Court interprets the Amended Complaint as bringing suit for race discrimination under Title VII and the THRA and gender discrimination under Title VII. For each count of her Complaint, Plaintiff alleges that Defendant is "individually liable as [he] aided, abetted, incited, compelled[,] and commanded employees of Holiday Inn . . . . to discriminate against Plaintiff based upon her race [and sex]." (Am. Compl. ¶ 32, 39.)

## STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[1] However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences including "conclusory allegations" need not be accepted as true.[2] To avoid dismissal under Rule 12(b)(6), "the complaint must contain either direct or inferential allegations" with respect to all material elements of the claim.[3]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[4] Although

---

[1] *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

[2] *Id.*

[3] *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[4] Fed. R. Civ. P. 8(a)(2).

this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

Federal Rule of Civil Procedure 15 ("Rule 15") governs relation back of amendments. Rule 15(c)(1)(C) permits an amendment to relate back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and, if within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.[8] To apply the relation back doctrine, Rule 15(c)(1)(B) requires the amendment to assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[9]

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[6] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

[7] *Iqbal*, 556 U.S. at 678.

[8] Fed. R. Civ. P. 15(c)(1)(C)(i-ii).

[9] Fed. R. Civ. P. 15(c)(1)(B).

5

## ANALYSIS

## Title VII

Title VII prohibits discrimination in employment on the basis of "race, color, religion, sex, or national origin."[10] Title VII authorizes the filing of a suit only "against the respondent named in the [EEOC] charge [of discrimination]."[11] Thus, "a party not named in an EEOC charge may not be sued under Title VII."[12] However, an exception to this rule exists: an unnamed party may be sued if "there is a clear identity of interest between it and a party named in the EEOC charge."[13] In his Motion, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims because she failed to exhaust her administrative remedies as to him.[14] Specifically, Defendant submits that Plaintiff never filed a charge of discrimination against him, thereby failing to satisfy her administrative prerequisites to suit in federal court.[15]

Here, Plaintiff's EEOC Charge includes only the Holiday Inn located at 4068 Stansell Court in Memphis, Tennessee.[16] Plaintiff did not name Defendant in her EEOC Charge. Furthermore, there is no clear identity of interest between Defendant and the Holiday Inn.

---

[10] 42 U.S.C. § 2000e-2(a)(1).

[11] 42 U.S.C. § 2000e-5(f)(1).

[12] *Romain v. Kurek*, 772 F.2d 281, 283 (6th Cir. 1985).

[13] *Jones v. Truck Drivers' Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984).

[14] (Def.'s Mot., D.E. # 33-1, at 5.)

[15] (*Id.* at 6.)

[16] (EEOC Charge, D.E. # 1, at 6.)

6

Plaintiff did not name Defendant in her Pro Se Complaint, and she only identified him as the "previous owner at the time of the event" in her document identifying her specific employers.[17] Therefore, the Court finds that there is not a clear identity of interest between Defendant and the Holiday Inn. Accordingly, Defendant's Motion to Dismiss Plaintiff's Title VII claims is **GRANTED** because she failed to exhaust her administrative remedies. The Court need not reach Defendant's other arguments.

### **THRA**

The THRA is Tennessee's state-law corollary to Title VII, and it "safeguard[s] all individuals within the state from discrimination because of race, creed, color, religion, sex, age, or national origin in connection with employment . . . ."[18] The THRA carries a one-year statute of limitations; as such, for a plaintiff's suit under the THRA to be timely, he or she "must file suit within one (1) year after the alleged discriminatory practice ceases."[19] To determine when the statute of limitations begins to run, courts "must first identify the alleged discriminatory practice."[20] Then courts determine the date upon which the discriminatory practice ended.[21] Under the THRA, "a discriminatory termination ceases and is complete when the plaintiff is given unequivocal notice of the employer's termination decision, even if employment does not

---

[17] (Pl.'s Amendment, D.E. # 8, at 1.)

[18] Tenn. Code Ann. § 4-21-101(a)(3).

[19] *Id.* § 4-21-311(d).

[20] *Weber v. Moses*, 938 S.W.2d 387, 390 (Tenn. 1996).

[21] *Id.*

7

cease until a designated date in the future."[22] Defendant argues that Plaintiff was terminated sometime in July of 2008, but because she did not bring suit against him within one year of her termination, her claim is time-barred.[23]

Plaintiff filed her pro se Amendment to the Request of Judge S. Thomas Anderson to Provide Names and Addresses of the Employers, which functioned as a Motion to Amend the Complaint to add Defendant and other individuals as parties, on April 15, 2010. The Court granted this Amendment on June 9, 2011, thereby adding Defendant as a party on that date. However, Plaintiff's termination presumably occurred sometime during July of 2008; therefore, for her THRA claim to be timely, Defendant needed to be included in her Pro Se Complaint. Because she did not, her THRA claim against Defendant is time-barred.

Moreover, Rule 15(c)(1)(C)'s relation back doctrine does not apply: Plaintiff did not add Defendant as a party within the 120 day time period required by Rule 15(c)(1)(C). Even if the Court considers Defendant to have been properly added as a party as of Plaintiff's April 15, 2010 filing of the Motion to Amend, the Motion is still outside the 120 day window. Therefore, Defendant's Motion to Dismiss Plaintiff's THRA claim is **GRANTED**.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

---

[22] *Id.* at 391-92.

[23] (Def.'s Mot., D.E. # 33-1, at 5.)

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE

          DATE: June 14, 2012.